# In the
# United States Bankruptcy Court
## For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>**TERRENCE HUNTER**,<br><br>DEBTOR. | EASTERN DIVISION<br>HON. JACQUELINE P. COX<br><br>CASE NO. 19-11666<br>CHAPTER 13<br><br>HEARING DATE:<br>HEARING TIME: |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that on June 26, 2019 at 9:30 a.m. the undersigned shall appear before the Honorable A. Benjamin Goldgar or any other judge sitting in his stead, in Courtroom 642, at 219 S. Dearborn St., Chicago, Illinois, and then and there present the City of Chicago's ***Motion to Condition Use of Property to Provide Adequate Protection,*** a copy of which is attached hereto and served upon you.

DATED: JUNE 24, 2019

RESPECTFULLY SUBMITTED,

**THE CITY OF CHICAGO**

Mark Flessner
Corporation Counsel

By: /s/ David Paul Holtkamp
Sr. Assistant Corp. Counsel

**Mark Flessner**
Corporation Counsel
David Paul Holtkamp (6298815)
Assistant Corporation Counsel Supervisor
CITY OF CHICAGO, DEPARTMENT OF LAW
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel:     (312) 744-6967
Email:  David.Holtkamp2@cityofchicago.org

## <u>CERTIFICATE OF SERVICE</u>

I, David Paul Holtkamp, an attorney, hereby certify that on June 24, 2019, I caused a copy of the attached Motion and Notice of Motion to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ David P. Holtkamp

## <u>SERVICE LIST</u>

**<u>Registrants</u>**
(Via CM/ECF)

| | |
|---|---|
| Thomas March | tmarch@semradlaw.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Tom Vaughn | ecf@tvch13.net |

In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>**TERRENCE HUNTER,**<br><br>DEBTOR. | EASTERN DIVISION<br>HON. JACQUELINE P. COX<br><br>CASE NO. 19-11666<br>CHAPTER 13<br><br>HEARING DATE:<br>HEARING TIME: |

# CITY OF CHICAGO'S MOTION TO CONDITION USE OF PROPERTY TO PROVIDE ADEQUATE PROTECTION

**Mark Flessner**
Corporation Counsel

David Paul Holtkamp (6298815)
Assistant Corporation Counsel Supervisor
**CITY OF CHICAGO, DEPARTMENT OF LAW**
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel: (312) 744-6967
Email:  David.Holtkamp2@cityofchicago.org

iv

# INTRODUCTION

The Seventh Circuit has now instructed us that the City may not use either § 362(b)(3) or (b)(4) as an exception to the stay to allow it to maintain possession of an impounded vehicle after a chapter 13 case is filed. *In re Fulton*, case no. 18-2527, slip op. at 3 (7th Cir. June 19, 2019). The circuit court, however, did confirm that the City has a possessory lien in the vehicles that it impounds. *Id.* at 21. The City, however, is required to file an emergency motion for adequate protection to protect that interest. *Id.* at 11-12. While the City is currently processing the release of the Debtor's vehicle, which takes about a day, the City now seeks adequate protection as a condition to the Debtor's use of the vehicle.

The bare minimum protection to which a creditor with a lien in a vehicle is entitled is insurance on that vehicle that protects that creditor's interest. This does not mean simple liability insurance, because liability insurance does not protect a lien creditor any more than no insurance would. Instead, the Debtor must provide insurance that names the City as having a lien on the vehicle and lists the City as a loss payee if the vehicle is damaged or destroyed, no matter who is at fault. This is exactly what Ally Financial or Santander would be entitled to, and the City is no different. The City is also entitled to an order providing that the City has a lien on the vehicle that will not be released until the underlying debt is paid in full or upon discharge,

1

whichever occurs first.

The Debtor has the burden of proving that the City's interest is adequately protected, not the other way around. *See* 11 U.S.C. §362(p)(1). As of right now, the Debtor does not have insurance on the vehicle to protect the City's interest, nor are the other adequate protection requirements met. The City, therefore, requests an order conditioning use of the car and turnover on these protections.

# DISCUSSION

## 1. Short Facts.

Prior to the petition date, the Debtor accumulated a number of unsatisfied City of Chicago Municipal Code violations. Pursuant to 625 ILCS § 5/11-208.3(c) and M.C.C. § 9-100-120, the City impounded the Debtor's vehicle (plate no. BA3766). When the vehicle was impounded the City's possessory lien in the vehicle became effective.

## 2. Adequate Protection of a Possessory Lien.

The courts that hold that under § 362(a)(3) a creditor must immediately release a vehicle seized prepetition also hold that such creditor should file an emergency motion to condition such turnover on the debtor providing adequate protection to protect their interest under § 363(e). *See In re Stephens*, 495 B.R. 608, 613 (Bankr. N.D. Ga. 2013); *In re Powell*, 555 B.R. 907, 916 (Bankr. S.D. Ga. 2016) (creditor must

seek "permission to withhold possession of the vehicle pending the pro-
vision of adequate protection."); *In re Jackson*, 251 B.R. 597, 600
(Bankr. D. Utah 2000) (same); *Thompson v. Gen. Motors Acceptance
Corp., LLC*, 566 F.3d 699, 707 (7th Cir. 2009) (creditor should file an
emergency motion). The Seventh Circuit follows that approach. *Fulton*,
slip op. at 11-12. And if adequate protection cannot be provided then
use of the collateral must be denied.

Pursuant to § 363(e) the court "*shall* prohibit or conditions such
use, sale or lease as is necessary to provide adequate protection of such
interest[.]" 11 U.S.C. § 363(e). Additionally, the trustee or debtor "has
the burden of proof on the issue of adequate protection[.]"  11 U.S.C.
§ 363(p)(1). Thus, the creditor does not need to show it is inadequately
protected, instead, the debtor must show the creditor is adequately
protected.

"The source of the creditor's lien is irrelevant to the availability of
adequate protection. In addition to holders of valid consensual liens,
such as mortgages and security interests, holders of valid statutory
and judicial liens are entitled to adequate protection." Ginsberg &
Martin on Bankruptcy, 5th Ed. (2019 Supp.), § 3.05[B][1][a]. The circuit
court recently held that this is true with respect to the City's possesso-
ry lien. While the Code provides a non-exclusive list of types of ade-
quate protection to fit certain circumstances, *see* 11 U.S.C. § 361, the
thread throughout this requirement, and indeed its name, is that the
protection be adequate so that the secured creditor's interest in the

property is not at risk when the collateral is being used by the Debtor. The term is most frequently equated to protecting the creditor's interest and providing "a substitute of the most indubitable equivalence." *In re Murel Holding Corp.*, 75 F.2d 941, 942 (2d Cir. 1935). The Debtor must at the very least provide insurance and a continuing lien on the vehicle to meet these requirements.

### 2.1.  Insurance covering the City's interest is a bare minimum.

Insurance for the collateral to protect the secured creditor is a must for adequate protection, and that is doubly apparent where the collateral is a car.  "[G]iven the inherent risk to any auto on the road, a creditor's property security interest merits protection when it turns over possession of an automobile to a debtor." *In re Coleman*, 229 B.R. 428, 432 (Bankr. N.D. Ill. 1999). Therefore all creditors are entitled to insurance sufficient to cover their interest as a part of adequate protection. *See In re Young*, 193 B.R. 620, 626 (Bankr. D.D.C. 1996) (the "creditor is clearly entitled" to proof of insurance); *In re Denby-Peterson*, 576 B.R. 66, 82 (Bankr. D.N.J. 2017) (insurance is mandatory as a part of adequate protection); *In re Fitch*, 217 B.R. 286, 291 (Bankr. S.D. Cal. 1998) (same); *Mitchell v. BankIllinois*, 316 B.R. 891, 900 (S.D. Tex. 2004) (same); *Matter of Holly's, Inc.*, 140 B.R. 643, 696 (Bankr. W.D. Mich. 1992) (same); *In re Radden*, 35 B.R. 821, 827 (Bankr. E.D. Va. 1983) (same). In fact, lack of insurance is so funda-

4

mental that this Court has provided a check box for lack of insurance on its required form to accompany any motion to lift the stay. Certainly, the Court would not require Ally Financial or Santander or any other creditor with a lien on a vehicle to suffer the risk of a creditor with no insurance, and the City is entitled to the same treatment.

Insurance in this regard cannot merely mean liability coverage. Liability coverage doesn't cover damage to the Debtor's vehicle. It only covers damages to others caused by the Debtor. Instead, the insurance required is insurance that covers the lien creditor's interest in the event the vehicle is damages or destroyed, no matter who is at fault. Again, this is what is required to protect any creditor with a lien in a vehicle, and the circuit court has confirmed that the City is such a creditor. This is an absolute minimum to adequately protect the City's interest. Therefore, the City requests that the Court condition the use and turnover of the vehicle on a showing that the Debtor has insurance with the City listed as a loss payee, to protect its lien in the event of damage or destruction.

## 2.2. The City is entitled to an order providing a lien on the Vehicle that shall remain until payment of the underlying debt or discharge, whichever is first.

In a chapter 13 case a debtor is not allowed to cram a lien down to the value of the collateral and then simply pay that amount to have the lien released. Instead, under § 1325(a)(5)(B)(i), the holder of a secured claim must "retain the lien securing such claim until the earlier

5

of . . . the payment of underlying debt determined under nonbankruptcy law; or . . . discharge under section 1328[.]" In the same vein, § 1325(a)(5)(B) also requires that if the case is dismissed or converted the City's lien is retained to the extent recognized by applicable nonbankrutpcy law. The exact purpose of adding these lien retention provisions to the Code in 2005 was to prohibit the debtors from being able to strip off or strip down the creditor's lien prior to the case completing. However, if the City is required to give back the vehicle and accept a lien for the value of the vehicle that is exactly what has happened.

The legislative history of the amendment outlines this purpose in detail. It provides:

> Section 125 of H.R. 3150 would amend section 1325(a)(5)(B)(i) of the Bankruptcy Code to protect the lien of a secured creditor from release by a chapter 13 plan if the debtor fails to complete the plans. This provision would resolve an issue on which the bankruptcy courts are split. The issue arises when the debtor confirms a chapter 13 plan that reduces a creditor's lien to the current value of the collateral (so-called "lien stripping") and then, after completing the payments due on the secured portion of the claim, but before the plan is completed, the debtor seeks to discharge the lien. Some courts hold that the collateral does not vest in the debtor until the entire plan is completed. *See, e.g., In re Pruitt*, 203 B.R. 134 (Bankr. N.D. Ind. 1996); *In re Schieirl*, 186 B.R. 498 (Bankr. D. Minn. 1995). Other courts have held that, upon payment of the secured portion of the creditor's claim, the collateral is released. *See, e.g., In re Lee*, 156 B.R. 628 (Bankr. D. Minn.), affd, 162 B.R. 217 (D. Minn. 1993); *In re Nicewonger*, 192 B.R. 886 (Bankr. N.D. Ohio 1996).
>
> ...

6

> Such "front loading" of payments for secured debt ac-
> counts, in part, for the high percentage of chapter 13
> plans that are uncompleted. Debtors should not be per-
> mitted to obtain the benefits of chapter 13 without bear-
> ing its burdens.

H.R. Rep. No. 105-540, at 128-29 (1998).

Or, as stated by Judge Goldgar, the purpose of the 2005 amend-
ments was to stop that practice of stripping off a lien by making it "im-
permissible for debtors to require secured creditors to release their
liens prior to plan completion and discharge." *In re Hopkins*, 371 B.R.
324, 326 (Bankr. N.D. Ill.). Therefore, the City is entitled to an order
that provides it with a lien on the vehicle and that the lien shall re-
main on the vehicle until payment of the total underlying debt or until
discharge, whichever occurs first. The Seventh Circuit in *Fulton* indi-
cated that reflecting the validity of the City's lien in an adequate pro-
tection order is appropriate. *Fulton*, slip op. at 22.

## 3. Conclusion

For the reasons stated above, the City respectfully request that this
Court condition any use and turnover of the City's collateral to the
Debtor upon a showing that the City's interest will be adequately pro-
tected, which must at a bare minimum include evidence of insurance
covering the City's interest and an order providing that the City has a
lien on the vehicle that remains until payment of the underlying debt
or discharge.

7

DATED: JUNE 24, 2019                    RESPECTFULLY SUBMITTED,


                                        THE CITY OF CHICAGO

                                        Mark Flessner
                                        Corporation Counsel


                                        By: /s/ David Paul Holtkamp
                                        Senior Counsel


David P. Holtkamp (6298815)
Assistant Corporation Counsel Supervisor
CITY OF CHICAGO, DEPARTMENT OF LAW
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel:    (312) 744-6967
Email: David.Holtkamp2@cityofchicago.org